UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAMERON MOORE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:17-cv-03540-TWP-MPB |
| WARDEN,[1] | ) |
| Respondent. | ) |

**Order Granting Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Cameron Moore ("Moore") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 17-05-0172. For the reasons explained in this Entry, Moore's habeas petition is **granted**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) ("*Piggie II*"); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d).

### B. The Disciplinary Proceeding

On May 18, 2017, Investigator S. Puckett wrote a Conduct Report charging Moore with a violation of Code B-207, use of an electronic device. The Conduct Report states:

> On May 19, 2017 I S. Puckett found that Offender Moore 230021 has an active Facebook page. The page is under the name Chops From-Warman. Social media by offenders is a violation of ED 12-04. This Office will remove the Facebook page.

Dkt. 2-1 at 5; dkt. 8-4. The report also indicates under physical evidence "Copy of ED 12-04, facebook page." The relevant post that triggered the Conduct Report is:



Dkt. 8-2 at 1. The post was made by Ladii Jakobia Anderson, when at Plainfield Correctional Facility, stating "Had a good visit to start my day off #FreeChops Chops From-Warman." This post tagged Chops From-Warman, apparently an alias for Moore, and because of that tag, the post appeared on Moore's Facebook page or "Wall."

Moore was notified of the charge on May 20, 2017, when he received the Screening Report. Dkt. 2-1 at 5; dkt. 8-4. He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses. For physical evidence, he requested "[a]ll evidence pertaining to this case."

The prison disciplinary hearing was held on May 24, 2017. According to the notes from the hearing, Moore stated: "I've been locked up for 7 years. I don't even know the password for the account." Dkt. 2-1 at 1; dkt. 8-6 at 1. Based on the staff reports, Moore's statement, and the photos of Facebook, the hearing officer found Moore guilty of B-207, use of an electronic device. The sanctions imposed included thirty (30) days of earned credit time deprivation and a suspended credit class demotion.

Moore appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Moore lists two grounds on which he challenges his prison disciplinary conviction: (1) evidence was insufficient to sustain a finding of guilt; and (2) a due process violation for failure to give notice of the rule or that the rule is vague. The respondent asserts that Moore's second claim about the notice of the Executive Directive is procedurally barred because he did not raise it during the administrative appeal process. The Court agrees. Moore did not file a reply brief and the time to do so has passed.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard … is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-207 is entitled "Possession of Electronic Device," and is defined as:

> Unauthorized alteration, use or possession of any electronic device, including, but not limited to: computer, computer software, pager, PDA, computer disk,

> CD/DVD, recording tape (audio or video) or associated hardware. (This offense includes accessing computers, software, the Internet, social media, a facility LAN, etc. or using such in a manner not authorized by the Department of Correction and the alteration of authorized electrical devices, such as televisions, fans, etc, for unauthorized purposes, e.g., charging cellular telephones/electronic devices, etc.)

Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Executive Directive # 12-04 provides that: "[t]he use of social media sites by offenders/students in the Department is strictly prohibited." Dkt. 8-3 at 1. "The definition of social media is any internet-based application that allows an individual to construct a public or semi-public identity using the individual's actual name or pseudonym through which the individual, his/her associates, or others may publish an electronic message." *Id*.

Based on a Facebook post made by *another* individual that appeared on Moore's Facebook page, Moore was found guilty of a violation of B-207, use of an electronic device. The respondent argues that Moore never denied the Facebook account was his and therefore there was "some evidence" in the record. Dkt. 8 at 9. The respondent is incorrect. At most, there was "some evidence" that Moore is in *possession* of a social media account, however, there is no evidence in the record that Moore used an electronic device. There is no evidence that Moore's Facebook page is "active," or that Moore accessed or used Facebook. Indeed, in the three pages of Moore's Facebook page, there are no posts, comments, or activity from Moore. Dkt. 8-2. The only activity is from other individuals who have posted or commented on his feed. *Id.; see also* https://www.facebook.com/notes/facebook/tag-friends-in-your-status-and-posts/109765592130/ (explaining that tagging friends in your Facebook posts and statuses will cause the post to show up on their "Wall").

Because there are no facts or evidence of record that Moore used an electronic device or accessed social media, the "some evidence" standard required in disciplinary cases is not met here.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  Because there was insufficient evidence of Moore's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed in case No. IYC 17-05-0172 must be **VACATED AND RESCINDED.**  Accordingly, Moore's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.  The **clerk is directed** to update the docket to reflect the substitution of Warden for Superintendent as the Respondent in this action.

**IT IS SO ORDERED.**

Date:   5/22/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CAMERON MOORE
230021
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov